UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KARIANNE L.,<br><br>        Plaintiff,<br><br>v.<br><br>LELAND DUDEK, Acting Commissioner of the Social Security Administration,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MODIFIED APPLICATION FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b) (DOC. NO. 44)**<br><br>Case No. 2:23-cv-00226<br><br>Magistrate Judge Daphne A. Oberg |

Karianne L.'s[1] attorney, John Borsos, has filed a Modified Application for Attorney Fees Under 42 U.S.C. § 406(b).[2] Mr. Borsos seeks an award of attorney's fees in the net amount of $28,496.[3] He explains this amount equals twenty-five percent of Ms. L.'s past-due benefits (which he represents is $34,046) minus the attorney fees already awarded under the Equal Access to Justice Act (EAJA) ($5,550).[4]

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in court orders in certain cases, including social security cases, the plaintiff is referred to by first name and last initial only.

[2] (Modified Appl. for Att'y Fees Under 42 U.S.C. Sec. 406(b) ("Appl."), Doc. No. 44.)

[3] (*Id.* at 1, 6.)

[4] (*Id.* at 6.)

The Commissioner responded, asserting Mr. Borsos miscalculated the past-due benefits, and stating twenty-five percent of such benefits is actually $33,516.[5] According to the Commissioner, twenty-five percent of past-due benefits minus the EAJA fees ($5,550) equals $27,966.[6] The Commissioner neither supports nor opposes a fee award in this corrected amount.[7] But the Commissioner requests the order distinguish between the total fees deemed reasonable under § 406(b) ($33,516, using the Commissioner's calculation) and the net amount awarded for payment purposes, after subtracting the EAJA fees.[8] Mr. Borsos did not file a reply.

Mr. Borsos' application is granted in part and denied in part. As explained below, the agency records filed with Mr. Borsos' application support the Commissioner's calculation of the past-due benefits. Using this calculation, attorney fees equal to twenty-five percent of past-due benefits ($33,516) are reasonable. Therefore, Mr. Borsos is awarded attorney fees pursuant to 42 U.S.C. § 406(b) in the gross amount of $33,516. Mr. Borsos may retain the $5,550 in fees previously awarded under the EAJA in partial satisfaction of the § 406(b) award. This leaves a net amount of $27,966 due to Mr. Borsos.

---

[5] (Def.'s Resp. to Pl.'s Modified Appl. for Att'y Fees Under 42 U.S.C. § 406(b) ("Resp.") 3–4, Doc. No. 51.)

[6] (*Id.* at 4.)

[7] (*Id.* at 4–5.)

[8] (*Id.*)

BACKGROUND

On April 4, 2023, Ms. L. retained Mr. Borsos on a contingent-fee basis to represent her in her claims for social security benefits before this court.[9] In a written attorney fee agreement, Ms. L. and Mr. Borsos agreed the contingency fee would be twenty-five percent of past-due benefits awarded to Ms. L. (and auxiliaries/dependents) in this case.[10]

Mr. Borsos filed this action for judicial review of the Commissioner's denial of benefits on April 10, 2023.[11] On October 16, 2023, the court remanded the case to the Commissioner for further proceedings.[12] Ms. L. then sought $5,550 in attorney's fees under the EAJA.[13] The court granted the motion and awarded Ms. L. the requested amount, payable to counsel.[14]

On remand, an administrative law judge issued a fully favorable decision on Ms. L.'s claim in July 2024.[15] The agency then issued a notice of award stating Ms. L. was entitled to monthly benefits beginning July 2019, and $22,348 was being withheld from

---

[9] (*See* Ex. A to Appl., Att'y Fee Agreement, Doc. No. 44-1.)

[10] (*Id.*)

[11] (*See* Compl., Doc. No. 7.)

[12] (*See* J. in a Civ. Action, Doc. No. 26.)

[13] (*See* Unopposed EAJA Mot. for Att'y Fees Pursuant to the Equal Access to Justice Act, Doc. No. 32.)

[14] (Order Granting Unopposed EAJA Mot. for Att'y Fees Pursuant to the Equal Access to Justice Act, Doc. No. 33.)

[15] (*See* Ex. B to Appl., Notice of Decision, Doc. No. 44-2.)

Ms. L.'s past-due benefits for payment of attorney fees.[16] The agency also issued a notice of award to Ms. L.'s child, an auxiliary beneficiary, stating he was entitled to benefits beginning September 2021.[17] And the agency sent correspondence to Mr. Borsos stating $11,168 was being withheld from the child's past-due benefits for payment of attorney fees.[18] In other words, the agency withheld a total of $33,516 for payment of attorney fees for Ms. L.'s claims. According to the Commissioner, this amount reflects twenty-five percent of the total past-due benefits for Ms. L. and her child, pursuant to agency policy regarding withholding of past-due benefits for payment of fees.[19]

In support of his fee application, Mr. Borsos provided a spreadsheet with his own calculation of past-due benefits which differs from the Commissioner's.[20] Mr. Borsos

---

[16] (Ex. C to Appl., Karianne L. Notice of Award 1, 3, Doc. No. 44-3.)

[17] (Ex. F to Appl., A.K. Notice of Award, Doc. No. 44-6 at 3–5.)

[18] (Ex. F to Appl., Fax Cover Page, Doc. No. 44-6 at 1.)

[19] (*See* Resp. 3, Doc. No. 51); Program Operations Manual System (POMS) GN 03920.035(A), https://secure.ssa.gov/apps10/poms.nsf/lnx/0203920035 [https://perma.cc/YZS7-S8R6] ("If a Federal court awards a fee in addition to the fee, if any, SSA authorizes for proceedings at the administrative level, SSA withholds a maximum of 25 percent of past-due benefits for payment of fees, whether authorized by SSA, a court, or both.").

[20] (Ex. D to Appl., "Calculation of Total Family Benefits" Spreadsheet, Doc. No. 45.) Mr. Borsos provided a corrected version of this spreadsheet after filing his modified application. The version referenced in this order is the corrected version.

also represents he (or others at his law firm) spent 40.19 hours working on Ms. L.'s case before this court.[21]

## LEGAL STANDARDS

Section 406(b) provides that an attorney who successfully represents a Social Security claimant in court may be awarded "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits."[22] In *Gisbrecht v. Barnhart*,[23] the Supreme Court indicated that section 406(b) requires district courts to review contingent-fee agreements "as an independent check, to assure that they yield reasonable results in particular cases."[24] The Court noted that within the twenty-five percent boundary set by Congress, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."[25] In other words, courts must assess the reasonableness of the contingent-fee agreement and may reduce the amount of fees where warranted.[26]

---

[21] (*See* Appl. 6, Doc. No. 44; Ex. E to Pl.'s Appl. for Att'y Fees Under 42 U.S.C. Sec. 406(b), "Attorney John Borsos Billable" Spreadsheet, Doc. No. 34-5.) The billing spreadsheet was filed as an exhibit to Mr. Borsos' original § 406(b) fee application, before he filed the instant modified fee application.

[22] 42 U.S.C. § 406(b)(1)(A).

[23] 535 U.S. 789 (2002).

[24] *Id.* at 807.

[25] *Id.*

[26] *See id.* at 808.

In *Gisbrecht*, the Court gave several examples of what might cast doubt on the reasonableness of the contingent-fee agreement and merit a reduced fee. First, the fee award may be reduced "based on the character of the representation and the results the [attorney] achieved."[27] Second, "[i]f the attorney is responsible for delay . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court."[28] Third, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order."[29]

## ANALYSIS

### A. Calculation of Past-Due Benefits

To determine whether Mr. Borsos' fee request exceeds twenty-five percent of past-due benefits, the court must first address the parties' differing calculations of Ms. L.'s past-due benefits.

Agency policy defines "past-due benefits" as "the amount of the monthly benefits credited (MBC) for all beneficiary(ies) under title II of the Act that have accumulated because of a favorable administrative determination or decision, up to but not including the month SSA effectuates the primary beneficiary's decision."[30] The Commissioner

---

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] POMS GN 03920.030(B)(1), https://secure.ssa.gov/poms.nsf/lnx/0203920030 [https://perma.cc/7F9L-EE3U].

asserts that because the agency issued a "fully favorable" decision in July 2024, the end month for calculating Ms. L.'s past-due benefits is June 2024.[31]  Mr. Borsos' application does not expressly address this issue.  The spreadsheet setting forth Mr. Borsos' calculation of past-due benefits includes benefits through August 2024, but he does not explain the basis for using that end month.  Because the Commissioner's position on this issue is consistent with agency regulations and the date of the agency's "fully favorable" decision, and Mr. Borsos fails to explain why he included additional months, the court adopts the Commissioner's position regarding the end month for past-due benefits.

Ms. L.'s notice of award states she was entitled to benefits beginning July 2019, and sets forth monthly benefit amounts for each year (with cost-of-living adjustments applied each December).[32]  The sum of those monthly benefit amounts for the period from July 2019 through June 2024 is equal to $89,392—consistent with the Commissioner's calculation of Ms. L.'s past-due benefits.[33]  And twenty-five percent of that amount is $22,348—the same amount the agency withheld from Ms. L.'s award for payment of attorney fees, as stated in the notice of award.[34]

---

[31] (Resp. 3, Doc. No. 51.)

[32] (Ex. C to Appl., Karianne L. Notice of Award 1, Doc. No. 44-3.)

[33] (*See* Resp. 3, Doc. No. 51.)

[34] (*See id.*; Ex. C to Appl., Karianne L. Notice of Award 3, Doc. No. 44-3.)

The notice of award for Ms. L.'s child states he was entitled to benefits beginning September 2021.[35] While the notice does not identify specific monthly benefit amounts for the entire period after that date, it states the child would receive $46,342 for the period before September 2024—and that monthly payments beginning with September 2024 would be $835.[36] Because the $46,341 amount includes two months beyond the June 2024 end date for calculating past-due benefits, subtracting two months of benefits at $835 per month yields a past-due benefits amount of $44,672. This is consistent with the Commissioner's calculation.[37] And twenty-five percent of this amount (rounded to the nearest dollar) is $11,168—the same amount the agency withheld from the child's award for payment of fees, as stated in its correspondence with Mr. Borsos.[38]

In sum, agency records show twenty-five percent of Ms. L.'s past-due benefits is $22,348, and twenty-five percent of her child's auxiliary past-due benefits is $11,168, totaling $33,516. This matches the Commissioner's calculation. Mr. Borsos provides a spreadsheet containing calculations which differ in some respects—such as using July 2019 as the start date of Ms. L.'s child's benefits, and using August 2024 as the end month.[39] To the extent Mr. Borsos' calculations differ from the Commissioner's, they are not supported by the attached agency records (or other evidence). Notably, Mr.

---

[35] (Ex. F to Appl., A.K. Notice of Award, Doc. No. 44-6 at 3.)

[36] (*Id.*)

[37] (*See* Resp. 3, Doc. No. 51.)

[38] (Ex. F to Appl., Fax Cover Page, Doc. No. 44-6 at 1.)

[39] (*See* Ex. D to Appl., "Calculation of Total Family Benefits" Spreadsheet, Doc. No. 45.)

Borsos did not file a reply challenging the Commissioner's calculation of past-due benefits or explaining why it is incorrect.

For these reasons, the court finds twenty-five percent of the past-due benefits in this case is $33,516, which represents the maximum attorney fees permissible under § 406(b). Mr. Borsos' application is denied in part, to the extent he requests a gross award exceeding this amount.

### B. Reasonableness

Next, the court considers the reasonableness of a gross fee award of $33,516 based on the *Gisbrecht* factors.[40] First, based on the record in this case, the character of Mr. Borsos' representation of Ms. L. and the results achieved were not substandard. Mr. Borsos' work before this court resulted in remand of the case to the Commissioner, and a significant award of past-due benefits for Ms. L. and her child at the administrative level. Second, there is no indication Mr. Borsos delayed pursuing Ms. L.'s claims. Mr. Borsos filed this case less than a week after being retained and requested only one short extension.[41]

Third, a fee award of $33,516 is reasonable compared to the amount of time spent on the case. Where Mr. Borsos (or others at his firm) spent 40.19 hours on this case, this translates to an hourly rate of $833.94.[42] This is within the range which

---

[40] *See* 535 U.S. at 807–08.

[41] (*See* Unopposed Mot. for Extension of Time, Doc. No. 16.)

[42] (*See* Appl. 6, Doc. No. 44; Ex. E to Pl.'s Appl. for Att'y Fees Under 42 U.S.C. Sec. 406(b), "Attorney John Borsos Billable" Spreadsheet, Doc. No. 34-5.)

courts have found reasonable, although it approaches the upper limit of that range.[43] This hourly rate is also reasonable considering Mr. Borsos assumed the risk of not receiving any fees under the contingent-fee agreement.[44] Finally, the Commissioner does not oppose a gross fee award up to $33,516—further indicating such fees are reasonable and warranted.

Accordingly, an attorney fee award of $33,516 under § 406(b) is reasonable in this case. Ordinarily, an attorney who receives fee awards under both § 406(b) and the EAJA must refund the smaller fee to the client.[45] Here, rather than refunding the $5,550 EAJA fee, Mr. Borsos proposes subtracting the EAJA fee from the gross fee award under § 406(b) and ordering a net payment for the remainder.[46] The order below reflects this proposal, which the Commissioner does not oppose.[47]

---

[43] *See, e.g.*, *Gulbransen v. Colvin*, No. 2:12-cv-00107, 2015 U.S. Dist. LEXIS 55176, at *4 (D. Utah Apr. 27, 2015) (unpublished) (granting a § 406(b) fee request resulting in an hourly rate of $862.88, an "amount [that] is on the high-end of what the Court would find to be reasonable," where there was no other basis to find the fee unreasonable).

[44] *See Faircloth v. Barnhart*, 398 F. Supp. 2d 1169, 1174 (D.N.M. 2005) (finding § 406(b) attorney fee award translating to an hourly rate of $510.25 reasonable, particularly "when that fee is considered in conjunction with a Social Security lawyer's risk of loss").

[45] *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee." (internal quotation marks omitted)).

[46] (*See* Appl. 6, Doc. No. 44.)

[47] (*See* Resp. 4–5, Doc. No. 51.)

## CONCLUSION

Mr. Borsos' application[48] is granted in part and denied in part. Mr. Borsos is awarded attorney fees pursuant to 42 U.S.C. § 406(b) in the gross amount of $33,516. Mr. Borsos may retain the $5,550 in fees previously awarded under the EAJA in partial satisfaction of the § 406(b) award. This leaves a net amount of $27,966 due to Mr. Borsos.

DATED this 7th day of May, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[48] (Doc. No. 44.)